IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEKRELL BRUNER,

    Plaintiff,

vs.                                             CASE NO. 5:08cv269-RH/WCS

MARK DUFRESNE,
STEPHEN JENCKS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

After a period of discovery in this prisoner civil rights action, Defendants filed a motion for summary judgment. Doc. 56. Plaintiff was advised of his obligation under Rule 56 and N.D. Fla. Loc. R. 56.1 to respond to the motion, doc. 57, and Plaintiff has not filed any response. Plaintiff last filed a document in this case on October 30, 2009, advising he had been returned to the custody of the Department of Corrections. Doc. 40. It appears that Plaintiff has abandoned this litigation since he has filed nothing in this case in almost fifteen months. Nevertheless, the uncontested summary judgment motion is ready for a ruling and should be granted in light of the evidence presented.

Plaintiff alleged in his third amended complaint, doc. 32, that the Defendants entered the apartment in which he was staying without a search warrant and without his permission. Doc. 32, p. 5. The Defendants searched the premises and seized certain property which belonged to Plaintiff. *Id.* The property was used as evidence against

Plaintiff; he contends that use of that evidence forced "him to take a plea," resulting in a criminal conviction and sentence to the Department of Corrections. *Id.*, at 5-6. Plaintiff contends his due process rights were violated by an unlawful search and seizure conducted without his consent.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If they do so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial Co., 475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci v. DeStefano, 129 S.Ct. at 2677.

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

**The relevant Rule 56(e) evidence**

On August 14, 2006, an armed robbery occurred in Panama City and deputies from the Bay County Sheriff's Office were called to investigate. Doc. 56, p. 3; doc. 56-1 (Bailey affidavit). Among those involved in the investigation were the Defendants Investigator Stephen Jencks and Defendant Dufresne. Doc. 56, pp. 3-4. Plaintiff was identified as a suspect in the robbery along with Monoka Green, who also resided with Plaintiff. *Id.*, at 3; doc. 56-1, p. 16 (Interview Transcript). Investigator Pitts went to the location where Plaintiff and Green were employed, took them into custody, and transported them to the Sheriff's Office to be interviewed. *Id.*, at 3-4. Plaintiff and Green both gave permission to search their residence. *Id.*, at 4; doc. 56-1, p. 2 (Bailey

affidavit), p. 5 (Investigation Report); doc. 56-2, p. 4 (Jencks' Investigation Report). Plaintiff even signed a Permission to Search Form. Doc. 56-1, p. 2 (Bailey affidavit); doc. 56-1, p. 7 (Search Form); doc. 56-3, p. 2 (Pitts' affidavit).

On August 14, 2006, Defendants Dufresne and Jencks went to the residence of Plaintiff and Green, located at 2175 Frankford Avenue, Apartment E-208, in Panama City, Florida, and conducted a search looking for evidence of the armed robbery. *Id.*, at 5, 6; doc. 56-1, p. 9 (Probable Cause Narrative). In the search, Defendants recovered a large amount of cash, as well as clothing believed to have been worn by Plaintiff during the commission of the armed robbery. Doc. 56, pp. 5-6; doc. 56-1, pp. 28-29. The property was collected and held in evidence at the Bay County Sheriff's Office. Doc. 56, pp. 5-6; doc. 56-2, p. 1 (Jencks affidavit).

Plaintiff was charged with one count or armed robbery, use of a firearm in the commission of a robbery and possession of a firearm by a convicted felon. Doc. 56, p. 5; doc. 56-1, p. 5 (Investigative Report); doc. 56-1, p. 8 (Affidavit - Complaint). Plaintiff entered a negotiated plea of No Contest to the charges against him. Doc. 56, p. 5; doc. 56-4, pp. 1-2 (Plea Waiver Form). Plaintiff's conviction has not been reversed on appeal or invalidated in any way. Plaintiff is currently in prison on these charges.

**Analysis**

Plaintiff's claims are based on the search and seizure of evidence from his residence. The Fourth Amendment to the United States Constitution afford protection against "unreasonable searches and seizures." U.S. Const. amend. IV. It is well established that "a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and

well-delineated exceptions.' " Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (*quoting* Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)); *accord* United States v. Santa, 236 F.3d 662, 668 (11th Cir. 2000). One of the well settled and "established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Schneckloth, 412 U.S. at 219, 93 S.Ct. 2041 (stating that "a search authorized by consent is wholly valid" and citing Vale v. Louisiana, 399 U.S. 30, 35, 90 S.Ct. 1969, 1972, 26 L.Ed.2d 409 (1970)). It is without dispute that Plaintiff gave his consent to the search. There is no evidence that the consent was invalid. Plaintiff's Fourth Amendment claim fails. Indeed, the court should find the suit to be frivolous. Summary judgment should be entered in favor of Defendants.

Accordingly, it is **RECOMMENDED** that Defendants' motion for summary judgment, doc. 56, be **GRANTED** and the Clerk be **DIRECTED** to enter judgment for Defendants noting pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) that this cause was frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 5:08cv269-RH/WCS